# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DELORES ALEASE CALLISON, as personal representative of the estate of Dorothy Alease Shadid, deceased and next of kin of Dorothy Alease Shadid, <br><br> Plaintiff, <br><br> vs. <br><br> FARMERS INSURANCE GROUP OF COMPANIES, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. CIV-06-1305-F |

## ORDER

Plaintiff's motion to remand, filed December 18, 2006, is before the court. (Doc. no. 14.) Defendants have objected to the remand, and the motion is ready for determination.

Plaintiff seeks remand under 28 U.S.C. § 1447(c). That statute provides that if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. Plaintiff argues that after the notice of removal, she filed a motion to amend her petition in the state court where this action was previously pending. She further argues that because the state court motion seeks to add a non-diverse defendant, diversity is defeated here so that this action must be remanded for lack of jurisdiction.

The propriety of removal is judged on the complaint as it stands at the time of the removal. Pfeiffer, M.D., F.A.C.O.G. v. Hartford Fire Insurance Company, 929 F.2d 1484, 1488-89 (10th Cir. 1991), quoting Pullman Co. v. Jenkins, 305 U.S. 534,

537 (1939) and other authorities.  In Pfeiffer, the Tenth Circuit rejected plaintiff's argument that the post-removal addition of claims in the federal action which were alleged against non-diverse defendants rendered that action improvidently removed under 28 U.S.C. § 1447(c).  Pfeiffer, 929 F.2d at 1488-89.  Similarly here, plaintiff's post-removal motion in state court seeking to add a non-diverse defendant does not affect this court's jurisdiction.  Not only is removability determined based on the complaint at the time of the removal, removal strips the state court of its jurisdiction.  Thus, plaintiff's argument is also incorrect because her state court motion to amend is of no force and effect in either court.  *See*, 28 U.S.C. §1446(d) (after removal, "the State court shall proceed no further unless and until the case is remanded").

After careful consideration of the parties' submissions, the pleadings, and the relevant authorities, plaintiff's motion to remand is **DENIED**.  Without reaching any final conclusions on this point, it does not appear that, under controlling law, plaintiff had even an arguable basis for remand.  This case may be appropriate, on proper motion, for relief under 28 U.S.C. § 1927 or otherwise.  *See, e.g.*, Resolution Trust Corp. v. Dabney, 73 F.3d 262 (10th Cir. 1995); Hall v. Great-West Healthcare, 2006 WL 211716 (N.D. Ga. 2006) (relief under § 1927 for motion to remand which was without foundation).

Dated this 8th day of January, 2007.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-1305p003(pub).wpd